Birchard, J.
The first question is, whether a purchaser at a tax-sale made under the act of January 9, 1827, admitting the same to be valid, acquires a better or different title than was pos *69 sessed by the former owner. This question appears to have been settled in this court by the decision in *the case of the Lessee of Stuart et al. v. O. Parrish, 6 Ohio, 477, where it was held that the legal title of the patentee was not affected by a sale for taxes before the patent issued. Other authorities may be found to sustain this point, but as we are satisfied with this, it is not deemed necessary to cite them.
The plaintiff then has a legal title, and must prevail in this action. The defendant has, at best, but an equitable title. If the proceedings in the tax sale were regular, his remedy is a bill in equity. Until the tax title is brought before us, in such a manner as makes it material to the determination of a cause, we can not, with propriety, be called upon to determine i,ts validity.
The defendant is entitled to his claim for improvements and for the taxes legally assessed and paid by him. And the cause will be remanded to the county in order that further proceedings may be had. Judgment for plaintiff.